GREGORY, APPELLEE, *v.* STEVENS ET AL., APPELLEES; O'BRIEN, TREAS., APPELLANT.

(No. 9253—Decided June 10, 1963.)

*Mr. Philip J. Kennedy, Sr., Mr. Norman I. Barron* and *Mr. John A. Lloyd, Jr.,* for appellee Kyle F. Brooks, Receiver for Bernard and Ann Stevens.

*Mr. Raymond E. Shannon,* prosecuting attorney, and *Mr. Francis X. Schwegmann,* for appellant.

HUNSICKER, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, Ohio, wherein that court overruled exceptions to the account of a receiver, denied a motion to set aside an order that discharged the receiver, and released the surety of the receiver.

The appellant, the treasurer of Hamilton County, Ohio, says the action of the trial court was "unlawful, unreasonable, and against the weight of the evidence," and "the disbursement of funds was in contradiction of the orders of the court and unlawful and contrary to valid creditors' rights."

A motion to dismiss this appeal was then filed by counsel for the discharged receiver, on the ground that the order of the trial court, from which this appeal is taken, is not a final, appealable order. This motion was submitted to this court without oral argument. On consideration of this motion, the court denies the request to dismiss the appeal.

A judgment was obtained by Corinne Gregory against Bernard Stevens and Ann Stevens, which was not satisfied, and, upon motion, a receiver was appointed for the business and property of the defendants Stevens. The business was located at 2441 Gilbert Avenue, Cincinnati, Ohio, and known as Benny's Bar and Key Room Lodge. The real property named in the receivership was located at 719 Watch Point Drive, Hamilton County, Ohio.

The order appointing the receiver said, in part:

"* * * that the said receiver is hereby empowered to conduct and manage the business of defendants for the benefit of this plaintiff and all other creditors of the defendants, and to negotiate for the sale of the assets of the said business and to negotiate for the sale of defendant's property at 719 Watch Point Drive and all of defendants' assets located in Hamilton County, Ohio, all transactions to be subject to the approval of the court. Said receiver shall perform all his duties as required by law and shall, before entering on his duties as such receiver, post a surety bond in the sum of $20,000 in favor of the parties herein for the faithful discharge of his duties as receiver. Said receiver shall file an inventory of all of defendants' assets within ......days and an accounting of the business operation every ......days thereafter."

Thereafter, the receiver was ordered to proceed immediate-

ly to sell 719 Watch Point Drive, and to continue the operation of the business at 2441 Gilbert Avenue for 90 days, paying certain secured creditors the monthly amounts due on their claims.

The receiver filed an inventory and, from time to time, a short form record of receipts and expenses.

The business was operated under a receivership from July 22, 1958, until January 23, 1959, when, upon motion of the receiver, the receivership was ordered dissolved and an order entered which, in part, said:

"* * * the property and business of defendants be returned to them, and the creditors be restored to their original rights and remedies upon the payment by the defendants to the receiver of sufficient funds to pay and discharge all of the debts incurred by the receiver * * *.

"* * *

"1. That the receiver's final accounting be filed herewith.

"2. That the receiver be instructed to place in escrow the sum of $2,300, out of the total amount of money in his possession, for the purpose of paying and discharging all remaining liabilities of the receivership, including particularly tax liabilities of all types, for the period of 90 days from the effective date of this entry, after which such balance as remains shall be paid over [by] the receiver to defendants.

"* * *

"5. That the previous order of the court enjoining plaintiff and all other creditors of defendants from foreclosing, repossessing or seizing the assets of the defendants or from exercising any of their respective remedies with respect to such assets be, and the same hereby is, vacated and dissolved."

The final account of the receiver, which was filed at the same time, was approved, the receivership vacated and dissolved, the receiver discharged, and the sureties on his bond released.

It was then that the treasurer of Hamilton County filed his motions, the denial of which forms the basis for this appeal.

Other facts concerning the receivership proceeding are set out in the bill of exceptions and the transcript of docket and journal entries. There was a hearing before Judge Schneider, the trial judge, at which hearing counsel for the treasurer of Hamilton County was present. This hearing consumed parts of December 10th, 17th, 23rd, and 31st, 1958, and January 7,

1959. All of the creditors, except the landlord, had been notified to be present. The landlord was, however, present from the beginning of the proceedings.

The appellant in this proceeding insists that there was no payment for personal property taxes during the operation of the receivership, as required by Section 5711.05 (D), Revised Code. A motion for a contempt citation was filed, which motion charged the receiver with failure to file the required tax return and pay the tax due. At the hearing on this citation, the receiver showed that he had belatedly filed the return and paid the tax due. The trial court then denied the motion to hold the receiver in contempt by a finding which said that the receiver had substantially complied with the order of January 23, 1959.

We have examined the transcript of docket and journal entries, briefs, and, of course, the bill of exceptions filed herein, in the light of the claims of the appellant. From such examination we believe that the following facts are fully substantiated:

A liquor business was in financial difficulties, largely because it could not pay the judgment that Corinne Gregory obtained against the owners. A receiver was appointed to operate the business, pending an effort to dispose of it and other property owned by the debtors. The receiver was to pay creditors, both for the receiver's operation of the business and other creditors, including mortgagees. The receiver proceeded to operate the business and attempted to sell the real property of the debtors, as well as the business.

It then appeared that the business was not as profitable as many people believed, either from lack of sufficient financing, or because of inefficient operation. The receiver, after several creditors' meetings, proposed to the trial court that the receivership be abandoned, that he pay such claims only as were incurred by the receiver, that any restriction on those who were creditors prior to the receivership proceeding to collect their claims be removed, and the receiver and his surety discharged. The trail court, after extended hearings, made the order, a part of which is set out above, and discharged the receiver.

A final report was filed by the receiver, which the court approved. In that report there was shown the payment of certain claims which the appellant says should not take precedence

over the claims for taxes, which were a lien prior to the appointment of the receiver. (The return by the receiver, under Section 5711.05 (D), Revised Code, was not filed, nor the tax due thereunder paid, until after the order discharging the receiver.)

There is no showing as to how the tax claims were divided, as between real estate taxes on the home property located on Watch Point Drive, and taxes on the personal property used in the liquor business.

In any event, Mr. Schwegmann, counsel for the appellant county. treasurer, was present during all of the conferences between creditors, the receiver, and the court, when some adjustment of the matter was undertaken. After numerous attempts on the part of the debtor, his friends, and relatives, to raise enough money to pay the debts of the receivership, renewal of the liquor license, and the purchase of the accounts receivable (these latter being for liquor sold on credit in the club portion of the business), the trial court discharged the receiver and released the surety.

This action on the part of the trial court we find to be neither an abuse of judicial discretion, nor unreasonable or unlawful. We believe the trial court, as shown by this record, to have been careful, considerate, and very patient, in a difficult situation.

We find no error prejudicial to the rights of the appellant herein, and the judgment must be affirmed.

*Judgment affirmed.*

Doyle and Younger, JJ., concur.

Hunsicker, P. J., and Doyle, J., of the Ninth Appellate District, and Younger, J., of the Third Appellate District, sitting by designation in the First Appellate District.